# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VIVIANA ANGYMAR PEREZ MARTINEZ,

      Petitioner,

v.                                  No. 2:26-cv-0621-KWR-GBW

PAMELA BONDI, United States Attorney General;
KRISTI NOEM, Secretary, U.S. Department of
Homeland Security; TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso Field Office; and
WARDEN, Otero County Processing Center,

      Respondents.[1]

## MEMORANDUM OPINION AND ORDER DIRECTING AMENDMENT

Before the Court is the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition), filed by Petitioner Viviana Angymar Perez Martinez. Petitioner challenges her custody by Immigration and Customs Enforcement (ICE) at the Otero County Processing Center in Chaparral, New Mexico, and she has paid the habeas filing fee. (Doc. 5). Petitioner states she legally entered the United States through the CBP One App and has submitted an application for asylum. (Doc. 1) at 1. She states that on February 6, 2026, at an Immigration Court hearing, her case was dismissed and she was ordered removed from the country. *Id.* She states she has 30 days to appeal the Immigration Judge's decision. *Id.* Petitioner claims her Fifth

---

[1] The Court adds/substitutes the above-listed parties as Respondents. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Amendment rights have been violated and she seeks immediate release. *Id.* Petitioner has also filed a "Motion To Not Be Removed From Current Processing Center" (Doc. 2) and "Motion To Not Be Deported to Another Country" (Doc. 3).

On this record, the Court cannot adequately evaluate Petitioner's claims under Habeas Rules 1 and 4 to determine whether the Government should file an answer. The Court is unable to determine if Petitioner raises a claim for relief under 8 U.S.C. § 1226 because she does not state whether she has been provided a bond hearing by an Immigration Judge. If Petitioner is being detained under 8 U.S.C. § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an Immigration Judge's discretionary decision to deny bond under a decision under that statute. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."). The Court is further precluded from requiring multiple bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (concluding that §§1225(b), 1226(a), and 1226(c) do not give detained immigrants the right to periodic bond hearings during the course of their detention pending a final order of removal).

Additionally, Petitioner does not appear to raise a colorable claim challenging her detention under 8 U.S.C. § 1231 because her removal order is not yet final. *See Zadvydas v. Davis,* 533 U.S. 678, 682, 701 (2001) (holding that where immigration officials are attempting to effectuate a removal, detention is presumptively reasonable for six (6) months after a final order of removal is entered); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals [or] (c) Upon expiration of the time allotted for an appeal if

the respondent does not file an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.).   To the extent Petitioner seeks review of her removal order, this Court lacks jurisdiction to consider an immigration judge's order of removal.   *See* 8 U.S.C. § 1252; *Jennings,* 583 U.S. at 316-17 (explaining 8 U.S.C. § 1252, or the "zipper clause," limits District Court jurisdiction over claims challenging removal orders, including "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid the jurisdictional bar).

For the foregoing reasons, it is unclear if Petitioner can raise a colorable claim for habeas relief.   The Court will require Petitioner to file an amended Section 2241 petition within twenty-one (21) days of entry of this Order.   The amendment should include more details about what process (hearings, etc.) Petitioner has received so far; the status of her immigration proceedings, including whether her removal order is on appeal; and whether the Immigration Court has denied her bond.   The Court encourages Petitioner to attach copies of any Immigration Court orders, if possible.   The failure to timely amend in accordance with these instructions may result in dismissal of this case without prejudice and without further notice.   The Court notes that Petitioner indicates her husband is also being detained by ICE and that she is seeking his release as well. *See* (Doc. 1) at 2-3.   If Petitioner's husband seeks habeas relief from this Court, he must file a separate Petition under his name that provides information relevant to his claims.

**IT IS THEREFORE ORDERED** that **within twenty-one (21) days** of entry of this Order, Petitioner must file an amended Section 2241 petition as set forth above;

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank 28 U.S.C. § 2241 habeas petition, and shall **ADD** the additional party Respondents set forth in the caption of this Order to the docket of this case.

                                               ___/S/ KEA W. RIGGS_____
                                               UNITED STATES DISTRICT JUDGE